```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS      :    Consolidated Under MDL
LIABILITY LITIGATION (No. VI) :    875
                              :
CHARLES CORLEY, et al.        :
                              :    Civil Action
                              :    No. 10-61113
     v.                       :
                              :    Transferred from the Northern
LONG-LEWIS, INC., et al.      :    District of Alabama
                              :
```

M E M O R A N D U M

Eduardo C. Robreno, J.                              July 25, 2011

**I.   INTRODUCTION**

This is an asbestos personal injury case. Presently before the Court are two objections to Judge Rueter's Report and Recommendation ("R&R") filed April 15, 2011. (Doc. no. 76.) Plaintiffs object to Judge Rueter's grant of summary judgment for various Defendants on the one-year statute of limitations issue (doc. no. 79-1).[1] A separate group of Defendants object to Judge Rueter's denial without prejudice of summary judgment on the

---

[1] This motion was brought by defendants Bill Vann Co., Inc., Buffalo Pumps, Inc., CBS Corp., Crane Co., Crown, Cork and Seal Co., Inc., Elliott Co., FMC Corp., Foster-Wheeler Corp., Gardner-Denver, Inc., General Electric Co., Georgia-Pacific, LLC, Honeywell, Inc., IMO Industries, Inc., Metropolitan Life Insurance Co., Warren Pumps, Inc., Yarway Corp. and Owens-Illinois, Inc.

"one-disease" or "two-disease" question (doc. no. 78).[2]

Pursuant to 28 U.S.C. § 636(a)(1)(c), "a judge of the Court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made.  A judge of the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

## II.  BACKGROUND

Oscar Allen Corley, the Executor of the Estate of Charles Corley, deceased, filed the instant action in the Circuit Court of Jefferson County, Alabama on May 7, 2009.  (R&R at 1). Charles Corley ("Mr. Corley") passed away from mesothelioma on October 3, 2009.  (Id.)  The case was removed to the Northern District of Alabama, Southern Division, and it was subsequently transferred to the Eastern District of Pennsylvania as part of MDL 875 on February 8, 2010.  (Id.)

Plaintiffs seek recovery under the Alabama Wrongful Death Act, Ala. Code § 6-5-410.  (Id.)  Two separate sets of defendants filed two joint motions for summary judgment.  (Id.)  The first motion (doc. no. 38) concerns the one-year statute of limitations

---

[2]This motion was brought by defendants Honeywell International, Inc., Honeywell, Inc. and General Electric Co. The motion was subsequently joined by defendants CBS Corp., Buffalo Pumps, Inc., Metropolitan Life Insurance Co. and Ford Motor Co.

in Alabama. (See R&R at 1, Defs' Mot. Summ. J., doc. no. 38.) The second motion questions whether Alabama follows a "one-disease" or "two-disease" rule in asbestos cases. (See R&R at 1-2, Defs.' Mot. Summ. J., doc. no. 40.)

## III. DISCUSSION

### A. Plaintiff's Objections to Judge Rueter's Report and Recommendation Based on Alabama's Pre-1979 Statute of Limitations

Defendants moved for summary judgment claiming that because there was no dispute that Mr. Corley's last exposure to any of the products belonging to the defendants occurred on or before Mr. Corley's retirement from the U.S. Navy in 1973, Plaintiffs' claim is time-barred by the Alabama statute of limitations. (R&R at 2, citing Defs.' Mot. Summ. J. at 2; Corley Dep., 8/25-27, 8/31, 2009 at 334-35.)

#### 1. Statute of Limitations Under Alabama Law

The one-year statute of limitations rule for pre-1979 asbestos cases is based on the Alabama Supreme Court's ruling in Garrett v. Raytheon Co., Inc., 368 So. 2d 516 (Ala. 1979). Under Garrett, the one year statute of limitations begins to run on the last date of exposure. 368 So. 2d at 517-18; see also Ala. Code § 6-2-39 (repealed 1980). The Alabama legislature subsequently repealed section 6-2-39 and enacted the discovery rule for asbestos cases beginning on May 19, 1980.

The current version of the Alabama statute says:

> (a) All civil actions must be commenced after the cause of action has accrued within the period prescribed in this article and not afterwards, unless otherwise specifically provided for in this code.
>
> (b) A civil action for any injury to the person or rights of another resulting from exposure to asbestos, including asbestos-containing products, shall be deemed to accrue on the first date the injured party, through reasonable diligence, should have reason to discover the injury giving rise to such civil action. This subsection shall not apply to or affect in any way, actions referred to in Section 6-5-482.

Ala. Code 1975 § 6-2-30 (1993).

A legislative note indicates the new provision was intended to apply retroactively. See Ala. Code. § 6-2-30(b) (1993), Code Commissioner's note. However, the Alabama Supreme Court decided that the provision would not apply retroactively, in part to protect the constitutional rights of defendants. See Tyson v. Johns-Manville Sales Corp., 399 So. 2d 263 (Ala. 1981) (refusing to apply the new Alabama discovery rule retroactively, and holding pre-May 19, 1979 asbestos exposures to the one-year statute of limitations rule).

    2.   Magistrate Judge Rueter's Application of Alabama's Statute of Limitations

After analyzing current Alabama law, Judge Rueter recommended that Defendants' motion for summary judgment be granted. (R&R at 4, 12.) Judge Rueter found that the Alabama Supreme Court has repeatedly confirmed a one-year statute of

limitations for pre-May 19, 1979 asbestos exposures. (R&R at 6-7.) See Johnson v. Garlock, Inc., 682 So. 2d 25 (Ala. 1996) (holding in a pre-May 19, 1979 exposure case, plaintiff must file action within one year of the date of last exposure); Henderson v. MeadWestvaco Corp., 23 So. 3d 625, 630 (Ala. 2009) (holding plaintiff's action was time-barred in 1973, because the date of last exposure was in 1972). Accordingly, Judge Rueter determined that Plaintiffs could not have commenced an action for wrongful death. (R&R at 5.)

In their objections to Judge Rueter's Report and Recommendation, Plaintiffs rely on Griffin v. Unocal Corp., 990 So. 2d 291 (Ala. 2008). Plaintiffs contend that the Alabama Supreme Court's decision in Griffin changed the landscape of the application of the discovery rule in Alabama law, and that Griffin stands for the proposition that the exposure rule was never a correct articulation of Alabama law. (Doc. no. 79-1 at 3-5.) Therefore, Plaintiffs assert that, following Griffin, case law applying the discovery rule prospectively should not be followed, and the discovery rule should be retroactively applied. (Doc. no. 79-1 at 6.)

   3. Analysis

By analyzing sections 6-2-30(a) and 6-2-30(b), it becomes clear that the Alabama cases dealing with the statute fall into

two distinct groups.  Garrett and Griffin address section 6-2-30(a), and Tyson, Johnson and Henderson deal with section 6-2-30(b).  The question is: did Griffin overrule the line of cases that applied section 6-2-30(b) on a prospective basis only?  The answer is "no."

In Griffin, the majority adopted the reasoning of the dissent in Cline v. Ashland, Inc., 970 So.2d 755, 761 (Ala. 2007) as the opinion of the Court.  That opinion made the relationship between the Court's decision in Garrett and Alabama statutes clear.

Garrett asked the legislature to adopt a discovery rule so that the statute does not run until a disease has manifested itself, which is encompassed in what is now 6-2-30(a).  See Garrett, 368 So. 2d at 521.  In 1980, the Alabama legislature enacted what became 6-2-30(b), creating a discovery rule specifically for asbestos claims.  See § 6-2-30(b).  Tyson held that section 6-2-30(b) cannot be applied retroactively. 399 So. 2d at 268.  Johnson and Henderson affirmed this holding.  See Johnson, 682 So. 2d at 26-27; Henderson, 23 So. 3d at 629-30.

Under Griffin, manifestation and discovery are different. Looking to Griffin's definition of accrued and its relationship with the discovery rule, the court specifically states that "the legislature has shown special capability in [creating sound

6

discovery principles] by structuring variations of discovery features in the following statutes . . . § 6-2-30(b)." 990 So. 2d at 311. Therefore, the Griffin decision occupies a different sphere of Alabama law than the Tyson/Johnson/Henderson line of cases, which deal exclusively with the discovery rule in asbestos cases. While Griffin overrules Garrett, it does not affect Tyson, Johnson or Henderson.

The Alabama Supreme Court has repeatedly held that the prospective application of § 6-2-30(b) is necessary to preserve defendants' rights under the Alabama Constitution. Indeed, Griffin is consistent in the sense that it is also prospective, and not retroactive. Going forward, Griffin determines when a claim accrues, but it does not impact the discovery rule in asbestos cases, as determined in Tyson, Johnson and Henderson.

    B.    <u>Defendants' Objections to Judge Rueter's Denial of Summary Judgment and Remand to Transferor Court for Determination on the "One-Disease" or "Two-Disease" Rule in Alabama</u>

Several Defendants admitted that some of their products may have been used by Mr. Corley after May 19, 1979, and therefore, did not join the first motion for summary judgment. (R&R at 7.) These Defendants concede that Mr. Corley's claims for asbestos-related exposure accrued upon his asbestosis diagnosis. (Id.) Defendants note that Mr. Corley filed a Complaint seeking recovery for his asbestos-related injury (asbestosis) in the

United States District Court for the Northern District of Ohio in 1998. (Id., citing Defs.' Mot. Summ. J. (Ex. 8), (Doc. 40.))

Plaintiffs contend that Alabama follows a "two-disease" rule, instead of a "one-disease" rule, and therefore that Plaintiffs' mesothelioma claim is timely. (Id. at 8.)

The Alabama Supreme Court has not specifically addressed whether a "one-disease" rule or a "two-disease" rule applies in asbestos cases. (Id. at 9.) However, the Alabama Supreme Court held that a one-disease rule applies in some non-asbestos cases. (Id., citing Chandiwala v. Pate Constr. Co., 889 So. 2d 540, 543 (Ala. 2004) (holding a cause of action accrues when claimant is first entitled to bring suit, regardless of subsequent events that may increase damages.)) Similarly, the United States Court of Appeals for the Eleventh Circuit held that under Alabama law, a negligence cause of action accrues when "the plaintiff can first maintain the action." (R&R at 10, citing Piazza v. Ebsco Indus. Inc., 273 F.3d 1341, 1347 (11th Cir. 2001) (internal citations omitted.))

However, the Alabama Civil Division of the Circuit Court of Mobile County ruled that asbestosis and mesothelioma are two distinct diseases arising out of cumulative asbestos exposure. (R&R at 10, citing Pls.' Resp. To Defs.' Mot. Summ. J. (Exh. J), order on Motion to Strike and Motion for Summary Judgment, Nespor

v. Standard Equip. Co., Inc., Circuit Court of Mobile County, Alabama, Case No. 2009-900773-RHS (Aug. 14, 2008.)) Judge Rueter notes that in arriving at this conclusion, the Nespor Court relied solely on a decision from the Kentucky Court of Appeals, Combs v. Albert Khan and Associates, Inc., 183 S.W. 3d 190 (Ky. Ct. App. 2006)).

As Judge Rueter correctly pointed out, the current state of Alabama law is unclear regarding whether a one-disease or two-disease standard is appropriate in asbestos cases. (R&R at 11-12.) This Court will defer this issue to the Northern District of Alabama for determination, the court most familiar with the application of Alabama law. See, e.g., Curry v. Am. Standard, No. 09-65685, 2010 WL 3322720, at *6 (E.D. Pa. Aug. 18, 2010) (Robreno, J.) (ordinarily, MDL transferee court will defer to transferor court unsettled issue of state law, unless it can predict position of highest court of jurisdiction with reasonable certainty).

**IV. CONCLUSION**

Plaintiffs' Objections to Magistrate Judge Rueter's Report and Recommendation with regards to the statute of limitations issue will be overruled, because Mr. Corley's last exposure to any of the products belonging to the moving Defendants occurred

9

on or before 1973.  These exposures are time-barred by Alabama's pre-1979 statute of limitations.  Defendants' Objections to Magistrate Judge Rueter's Report and Recommendation regarding the Joint Motion for Summary Judgment on the one or two disease issue are overruled.  Summary judgment is denied without prejudice since the law in Alabama is unsettled regarding whether it is a one-disease or two-disease state.

     An appropriate order follows.